**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEITH MASON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-9483** |
| **AAA INSURANCE COMPANY, ET AL** | **SECTION B(3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's denial of Plaintiff's Motion for Relief under Fed. R.Civ. P. 60. (Rec. Docs. 34, 37). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Rec. Doc. 37) is **DENIED.**

## BACKGROUND

Plaintiffs' property located at 2804 Marquez in Meraux, Louisiana sustained damage during Hurricane Katrina. At the time of the storm, Plaintiffs had homeowners' insurance with AAA Insurance Company. Plaintiffs filed suit in the 34th Judicial District Court, Parish of St. Bernard, alleging that AAA failed to pay for covered losses for loss of use, contents, debris removal, damage caused by wind and rain entering the home through an opening caused by wind, and all other damages caused by wind to the home. Plaintiffs also claimed that AAA was liable for statutory penalties and attorneys' fees and that their agent was liable for failing to

1

advise of the appropriate coverages.[1]

AAA filed a motion for judgment on the pleadings arguing that the language of its policy unambiguously excludes any damages for water damage to the home regardless of whether caused by flood or wind driven rain or whether caused by any other source. In support, defendant cited to its policy and arguments raised by insurers in three other cases pending before other Sections of this Court. The three memoranda from the other cases were attached as exhibits to the motion.

The matter was submitted for hearing on April 2, 2008. When no opposition was filed by April 14, 2008, the Court, after finding the motion had merit, granted AAA's motion as unopposed. The Court advised plaintiffs they could move for reconsideration of the Order within thirty days. (Rec. Doc. 18). No motion for reconsideration was filed and the Court entered final judgment on May 20, 2008. (Rec. Doc. 19).

On August 15, 2008, approximately three months later, Plaintiffs filed a motion for relief from judgment under FRCP 60 (Rec. Doc. 21) on the basis of counsel's excusable neglect or inadvertent mistake. Plaintiffs argued that such mistake was due to the illness of Plaintiffs' lead attorney and one attorney's "misreading" of the motion for summary judgment. Plaintiffs

---

[1] The agent was dismissed from this matter on February 21, 2008. Rec. Doc. 15.

presented neither evidence that a "medical condition [was] the cause of ... missing not one, but four deadlines" nor supplied any reason for co-counsel's failure to comply with the deadlines. (Rec. Doc. 34 at 6). Accordingly, the Court denied Plaintiffs' motion for relief from judgment, finding that Plaintiffs had shown neither that their counsel's actions amount to excusable neglect or inadvertent mistake nor that exceptional circumstances exist warranting relief from judgment. (Rec. Doc. 34). Plaintiffs seek reconsideration of said order denying their motion for relief from judgment. (Rec. Doc. 37).

**DISCUSSION**

Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within ten days of the challenged ruling or judgment and under Rule 60 if filed beyond that time. *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Freeman v. County of Bexar*, 142 F.3d 848, 852 and n.7 (5th Cir. 1998); and *Hamilton Plaintiffs*, 147 F.3d at 371 n.10.

The instant motion cannot be construed as a motion to alter or amend under Rule 59(e) because it was filed beyond the ten day period for such a motion, *see* Fed. R. Civ. P. 59(e), and no motion to extend this time was filed. Thus, the plaintiff is relegated to Federal Rule of Civil Procedure 60 for relief. *Welch v. McKenzie*,

777 F.2d 191, 192 (5th Cir. 1985). Because the motion does more than correct a clerical mistake in the judgment, the Court will evaluate the arguments under Rule 60(b), which authorizes the Court to amend the judgment for more substantive reasons. The rule provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. Rule Civ. P. 60(1)-(6).

Although Plaintiffs argue inadvertence and excusable neglect, those arguments are a rehash of Plaintiffs' previous motion for relief.[2] Essentially Plaintiffs argue that the Court's Order denying Plaintiffs' motion for relief from judgment (Rec. Doc. 34) was an error of law, stating that "a consideration of the totality of the circumstance and the factors noted [in Plaintiffs' cited cases] support the conclusion that the neglect was excusable." (Rec. Doc. 37-2 at 3). Reconsideration based on an error of law

---

[2] See *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (finding that a motion to alter or amend judgment is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment).

4

does not "readily fit within one of the enumerated grounds for relief" outlined in Rule 60(b), but could arguably "fall within the scope of rule 60(b)(1), mistake, or rule 60(b)(6), the 'catch-all' provision." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998). Rule 60(b)(1) relief on account of mistake "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record," such as obvious "conflicts with a clear statutory mandate" or "a fundamental misconception of the law." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987); *see also Halicki,* 151 F.3d at 471. Plaintiffs' argument that "a consideration of the totality of the circumstance and the factors noted [in Plaintiffs' cited cases] support the conclusion that the neglect was excusable" is not an "obvious error of law" but rather highlights the district court's power of discretion in its "decision to grant or deny relief under Rule 60(b)." (Rec. Doc. Doc. 37-2 at 3); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (citations omitted). Furthermore, "it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion." *Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006)(*quoting Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)).

As recognized by this Court in its prior order, "[w]hile a court has considerable discretion in determining whether a moving

party has established excusable neglect under Rule 60(b)(1), that discretion . . . is not boundless." (Rec. Doc. 34 at 5). The Order continues, "If, for instance, the basis for the excusable neglect is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and to consider the evidence." *Id.* (*citing Lavespere v. Niagara Mach. & Tool Works, Inc*. 910F.2d 167, 173 (5th Cir. 1990)). A court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 -357 (5th Cir. 1993)(*citing Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)).

Plaintiffs cite *Associated Marine Equipment, LLC v. Jones*, 301 Fed. Appx. 346 (5th Cir. 2008) and *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), in which the Fifth Circuit reversed the district court's denial of Rule 60(b) motions, for the legal propositions that the judicial goal of finality in rulings "must yield, in appropriate circumstances, to the equities of the particular case" and that "where denial of relief precludes examination of the full merits of the cause, even a slight abuse may justify reversal." (Rec. Doc. 44 at 2)(*quoting Associated Marine*, 301 Fed. App. at 348. Both *Associated Marine* and *Seven Elves* involved petitioners who believed they were represented by

counsel and whose counsel had essentially abandoned their clients without notice. The Fifth Circuit's analysis in *Associated Marine* continues with a review of the court's prior decisions in *Pryor v. U.S. Postal Serv.*, 769 F.2d 281 (5th Cir. 1985), and *Wilson v. Atwood Group*, 725 F.2d 255 (5th Cir. 1984)(en banc), both of which involved petitioners whose representation by counsel had never ceased:

> In both *Pryor* and *Wilson*, there was no indication that the parties' counsel had ever ceased representing them. It appears that in both cases, counsel who filed the Rule 60(b) motion were asking the court to excuse their own mistakes, negligence, or incompetence. We found Rule 60(b) inapplicable to provide relief from the errors that counsel had committed during the actual representation of their clients.

*Associated Marine*, 301 Fed. Appx. at 350. Furthermore, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, no matter how "unfair" this on occasion may seem." *Pryor*, 769 F.2d at 288. "This is especially true where the timeliness of postjudgment filings is concerned." *Id*.

Unlike in *Seven Elves* and *Associated Marine*, Plaintiffs in the matter sub judice have at all times been represented by counsel. The Court's Order denying Plaintiffs' motion for relief from judgment was a proper exercise of this Court's discretion and constituted neither an obvious error of law nor an abuse of discretion, and the distinguishable cases cited by Plaintiffs do not constitute a basis for reconsideration of the Court's reasoning

7

in that Order.

Plaintiffs' motion for reconsideration presents new evidence in the form of affidavits from both attorneys Mr. Garrett and Mr. Larose and from Garrett's doctor, Fortune Dugan. This new evidence, however, is not Rule 60(b)(2) "newly discovered evidence" and could have been presented at the time Plaintiffs filed their motion for relief from judgment. Furthermore, the "new evidence" presents no reason to disturb the Court's prior ruling. Final judgment in this matter was granted after Plaintiffs' failure to respond to Defendant's motion for summary judgment and failure to file a motion for reconsideration within 30 days of the Court's grant of summary judgment. (See Rec. Docs. 18, 19). Plaintiffs also missed the deadline to file a motion for reconsideration/motion for new trial on the final judgment and the deadline to file a notice of appeal of the final judgment. In their motion for relief of final judgment, Plaintiffs argued that the missing of the deadlines was attributable to the illness of lead counsel, Wayne Garrett, who apparently was aware of the original motion for summary judgment but misread it.[3] Plaintiffs presented neither evidence that a medical condition was the cause of missing the four deadlines nor any medical proof "indicating that during the relevant time periods, [Mr. Garrett] was in fact

---

[3] Plaintiffs' memoranda does not directly state whether Mr. Garrett or co-counsel Mr. Larose "misread" the summary judgment motion. It appears that Mr. Garrett "misread" the motion as Plaintiffs also attribute misreading of the motion to counsel's illness and Plaintiffs have not asserted that Mr. Larose was ill. (See Rec. Doc. 21-2 at 1).

suffering from a debilitating illness that prevented timely compliance with response deadline." (Rec. Doc. 34 at 6-7). Additionally Plaintiffs failed to supply any reason for co-counsel Mr. Larose's failure to comply with the deadlines.

In the present motion, Plaintiffs argue that only the actions of Mr. Garrett should be considered because Garrett was lead counsel and because Mr. Larose was not registered to receive email notifications at the time Defendant filed its motion for summary judgment and Mr. Larose relied upon Mr. Garrett to be responsible for such notifications. (See Rec. Doc. 37-3). The affidavit of Dr. Dugan provides the diagnosis of a condition of Mr. Garrett made in March 2005 and states that Mr. Garrett received a pacemaker in June 2005. The doctor generally describes Mr. Garrett's complaints of weakness and swooning and further states that changes were made to Mr. Garrett's medications in light of the persistence of said symptoms. The affidavit does not, however, state with any measure of specificity that Mr. Garrett was unable to perform legal work during the relevant time.

Even if the Court accepted Mr. Garrett's medical excuse, Mr. Larose's excuse regarding registration for email notifications does not warrant reversal of the Court's prior order. Mr. Larose states that he registered for email notification after receiving notice from Mr. Garrett that his illness "was preventing him from fully participating in practice." (Rec. Doc. 37-3 at 2). Mr. Larose was subsequently registered for email notification on April 29, 2008,

and states that notices prior to that date "would have been forwarded to Wayne E. Garrett." While Mr. Larose may not have received direct notice of Defendant's motion for summary judgment or the Court's Order allowing thirty days for reconsideration (Rec. Doc. 18), signed on April 10, 2008 and entered on the record on April 15, 2008, Mr. Larose should have received email notification of the May 20, 2008 judgment entered into the record on May 21, 2008. Accordingly, Mr. Larose could have timely filed a motion for reconsideration/motion for new trial on the final judgment and/or a notice of appeal of the final judgment. Instead, Mr. Larose filed a motion for relief from judgment on behalf of Plaintiffs almost three months after the judgment was entered. Plaintiffs have presented no reason for Mr. Larose's failure to take timely action after issuance of the judgment, which was entered into the record after Mr. Larose's enrollment in email notification.

Plaintiffs' arguments do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule 60 relief. Finding that Plaintiffs have not provided the Court any basis for altering its ruling,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Rec. Doc. 37) is **DENIED.**

New Orleans, Louisiana, this 6th day of August, 2009.

UNITED STATES DISTRICT JUDGE